FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2009 APR 14 P 12: 18

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

FIRST AMERICAN TITLE
INSURANCE COMPANY,

                Plaintiff,

v.

Civil Action No.: 1:09CV403
Circuit Court No.: CL09-3654

LO/IDD

WESTERN SURETY COMPANY

and

FIRST ALLIANCE TITLE, INC.,

                Defendants.

### NOTICE OF REMOVAL

The defendant, Western Surety Company, by counsel, in accordance with the provisions of 28 U.S.C. §§ 1441, *et seq.*, files its Notice of Removal of this matter to the United States District Court for the Eastern District of Virginia, Alexandria Division, on the grounds and for the reasons set forth below.

THE PARTIES

1. The plaintiff, First American Title Insurance Company ("First American Title"), is a California corporation duly organized and existing under the laws of the State of California, where, upon information and belief, it also maintains its principal office and principal place of business.

2. The defendant, Western Surety Company ("Western Surety"), is a South Dakota corporation duly organized and existing under the laws of the State of South Dakota, where it

also maintains its princip al office and principal place of business. Western Surety is duly licensed and authorized to engage in the surety business in the Commonwealth of Virginia.

3. The named defendant, First Alliance Title, Inc. ("First Alliance"), at one time prior to the initiation of this proceeding, was a Virginia corporation duly organized under the laws of the Commonwealth of Virginia, where it also maintained its principal office and principal place of business. However, upon information and belief, First Alliance's corporate charter was terminated on December 1, 2008 by the State Corporation Commission of the Commonwealth of Virginia. On October 12, 2006, approximately two years prior to its termination as a corporate entity, First Alliance, in accordance with the provisions of the *Consumer Real Estate Settlement Protection Act*, Virginia Code §§ 6.1-2.21 *et seq.* ("CRESPA"), furnished its settlement agent bond (Bond No. 70180291) issued by Western Surety, as surety, naming First Alliance as its principal and the Commonwealth of Virginia as its obligee.

## THE INITIAL PLEADING

4. On March 13, 2009, First American Title initiated this matter by filing its Complaint in the Circuit Court for the County of Fairfax and perfected service of the Complaint on Western Surety's registered agent on March 24, 2009.

5. In accordance with the provisions of 28 U.S.C. § 1446(a), true and accurate copies of the process, pleadings and orders served upon Western Surety are collectively attached as Exhibit A, and other documents contained in the file maintained by the Circuit Court for the County of Fairfax are collectively attached as Exhibit B, all of which are incorporated by reference as if specifically set forth in this paragraph.

6. By its Complaint, First American Title seeks to recover under a settlement agent bond which was furnished by First Alliance in accordance with provisions of CRESPA for losses it sustained as a title insurer and requests that this Court (a) enter judgment in its favor as against Western Surety in the amount of $100,000 and (b) grant it such further relief as the Court deems just and appropriate. Specifically, First American Title –a title insurer - purports to set forth, in three counts, breach of contract claims against Western Surety, seeking coverage under a settlement agent bond issued in accordance with the provisions of CRESPA. In Counts I and II, First American Title alleges it is an "aggrieved person" under the bond and is a subrogee of the rights of SunTrust Mortgage, Inc. and, as such, has standing to assert direct actions for breach of contract against Western Surety, notwithstanding the provisions of and the jurisprudence construing CRESPA. In Count III, First American Title alleges, as an additional alternative theory, that it has standing to assert a breach of contract claim against Western Surety under the bond on the grounds that it is an assignee of any claims First Alliance may have against its own bond by virtue of the terms and conditions of a settlement agreement executed in connection with the resolution of prior litigation in that case styled *First American Title Insurance Company v. First Alliance Title, Inc., et al.*, Case No. CL 2008-42, then pending in the Circuit Court for the County of Fairfax.

## BASIS FOR REMOVAL

7. This Court has diversity jurisdiction as (a) the amount in controversy as set forth in the Complaint exceeds the threshold amount of $75,000, exclusive of interest and costs, and (b) the only actual party in interest to this proceeding who has been properly joined as a defendant, Western Surety, is not a citizen of the Commonwealth of Virginia.

8. Despite naming First Alliance as a party defendant, First American Title does not assert any claims or causes of action, and none of the counts seek relief as against, First Alliance in its Complaint. In fact, First American Title alleges that it is only naming First Alliance as an "interested and proper party." COMPLAINT, ¶ 3. As First Alliance is (a) a party against whom no claims or causes of action have been asserted, (b) has been improperly named or joined as a nominal party defendant, and (c) has not been served with process, it need not join in a petition for removal and its citizenship for removal purposes is irrelevant.

9. As the United State District Court for the Eastern District of Virginia, Alexandria Division, embraces the Circuit Court for the County of Fairfax, venue in this district and division is proper venue for purposes of removal.

10. This case first became removable by virtue of service of the Complaint on Western Surety on March 24, 2009, a date less than thirty (30) days from the filing of this Notice of Removal.

11. In accordance with the provisions of 28 U.S.C. § 1446(d), the undersigned counsel for Western Surety certifies that he is filing a copy of this Notice of Removal, with exhibits, with the Clerk of the Circuit Court for Fairfax County and sending copies to counsel for First American Title. In addition, although First Alliance has not been properly joined as a party defendant, the undersigned certifies that he is sending a copy of this Notice of Removal, with exhibits, to First Alliance at its last known address.

WHEREFORE, Western Surety Company, by counsel, respectfully requests that this Court assume removal jurisdiction over this matter from the Circuit Court for the County of Fairfax County.

Respectfully submitted,

WESTERN SURETY COMPANY

By Counsel

_____
Richard T. Pledger (VSB No. 28102)
Erick F. Seamster (VSB No. 76108)
WALLACEPLEDGER, PLLC
The Capstone Center
7100 Forest Avenue
Suite 302
Richmond, VA 23226
Telephone: (804) 282-8300
Facsimile: (804) 228-4289
Email: rpledger@wallacepledger.com
eseamster@wallacepledger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2009, a true and correct copy of the foregoing was mailed by first class mail, postage prepaid, to:

> David H. Cox, Esquire
> Nathan G. Zaleski, Esquire
> JACKSON & CAMPBELL, PC
> 1120 Twentieth Street, N.W.
> South Tower
> Washington, D.C. 20036-3437
> *Counsel for First American Title Insurance Company*

> Ana M. McDonald
> 7700 Little River Turnpike
> Suite 207
> Annandale, VA 22003
> *Registered Agent for First Alliance Title, Inc.*

_____
Richard T. Pledger

5